UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **Douglas Lake,** | ) |
| | ) |
| Plaintiff, | ) Case: 3:23-cv-50067 |
| | ) |
| v. | ) |
| | ) |
| **Rush Delivery Corporation,** | ) |
| | ) |
| Defendant. | ) Jury Trial Demanded |
| | ) |

## COMPLAINT

Plaintiff, Douglas Lake ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Rush Delivery Corporation ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit also arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), for Defendant's age-based discrimination and harassment against Plaintiff in violation of the ADEA and retaliation against Plaintiff in violation of the ADEA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this

1

judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of age, disability, and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, resides in Winnebago County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant is a for profit organization doing business in and for Winnebago County whose address is 2003 Westwick Circle Machesney Park, IL 61115.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADEA, 29 U.S.C. §631.

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. The Defendant, Rush Delivery Corporation, hired the Plaintiff, Douglas Lake, as

a Manager on June 1, 2007.

12. Since at least December 23, 2021 through September 22, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has subjected Plaintiff to a hostile work environment because of his age.

13. Plaintiff was subjected to offensive, degrading and humiliating comments by his co-workers that referenced Plaintiff's age.

14. The comments made regularly by co-workers included but were not limited to, about the Plaintiff's age of retirement.

15. These were not off hand comments, or teasing this was a daily, severe and pervasive concerted effort to harass and humiliate the Plaintiff.

16. These and other derogatory comments were made in front of customers, co-workers, supervisors and during any opportunity or place.

17. There was a clear preference for younger staff and personnel.

18. Defendant's reason for termination was pre-text and Plaintiff was unlawfully terminated because of his age (66).

19. Because of the Defendant's action, the Plaintiff suffered the adverse employment action of losing his job.

20. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of his employment.

21. Plaintiff suffered multiple adverse employment actions including, including but not limited to being terminated.

22. The Plaintiff was subjected to discrimination because of his age.

23. In the fifteen years that the Plaintiff worked for Rush Delivery Corporation, he

missed only one day of work, and that was to attend his Mother's Funeral in 2018.

24. On or about December 23, 2021, Lloyd Rush, the previous owner of Rush Delivery Corporation, called the Plaintiff and several of his co-workers in to tell them that he was retiring and his step son, Jason Lamb, would be taking over as the new owner.

25. On or about January 5, 2022, as soon as Jason Lamb took over, he demoted the Plaintiff from Manager to Mechanic/Driver.

26. The employer never discussed this change with the Plaintiff; he just told the Plaintiff that he was a Mechanic/Driver now, although he had been a Manager for 15 years.

27. On or about September 21, 2022 the Plaintiff was not feeling well so he texted Jason Lamb and the Plaintiff's manager that he was sick and was going to go home.

28. The Plaintiff let them know that he would be back the following day to finish packing up the truck.

29. The Plaintiff received text messages back confirming the okay for him to go home.

30. On or about September 22, 2022, when the Plaintiff returned to work, Jason Lamb terminated him without cause.

31. The Plaintiff was surprised by this, especially after 15 years of devoted service to Rush Delivery Corporation.

32. The Plaintiff inquired as to why he was being terminated and the employer's response through Jason Lamb was, "Well, we all know you're going to retire soon anyways."

33. Regardless of the Plaintiff's age, he is still able to work without any restrictions, and still has a lot of work years left in him.

34. The Plaintiff has been subjected to age discrimination, and as such, he was constructively discharged based on his age in violation of the (ADEA).

## COUNT I
### Age-Based Discrimination in Violation of the ADEA, 29 U.S.C. § 621, *et seq.*

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. Plaintiff is an individual within the scope and meaning of the ADEA, 29 U.S.C. § 621, *et seq.*, based upon his age, 66, at the time of his unlawful termination.

37. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff because of his age in violation of the ADEA.

38. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights.

39. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

40. Defendant knew, or should have known of the unlawful discrimination and retaliation.

41. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination and retaliation.

42. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

43. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct, discriminatory actions and retaliation.

## COUNT II
### Age-Based Harassment in Violation of ADEA, 29 U.S.C. § 621, *et seq.*

44. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his age, in violation of ADEA, 29

U.S.C. § 621, *et seq.*

46. Defendant knew or should have known of the harassment.

47. The age-based harassment was severe or pervasive.

48. The age-based harassment was offensive subjectively and objectively.

49. Plaintiff is a member of a protected class under ADEA, 29 U.S.C. § 621, *et seq.*, due to his age.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Retaliation in Violation of ADEA, 29 U.S.C. § 621, *et seq.*

51. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

52. Plaintiff is a member of a protected class under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

53. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful age discrimination which created a sufficiently severe or pervasive work condition in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

54. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of age discrimination.

55. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

56. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the age-based discrimination, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

57. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of ADEA.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of February, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
**FRANKLIN JARA, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-8010
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
fjara@sulaimanlaw.com
*Counsel for Plaintiff*